UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL LEWIS TAYLOR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:11-CV-6-SNLJ |
| | ) |
| PAULA HUFFMAN PHILLIPS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Samuel Lewis Taylor (registration no. 166914) for leave to commence this action without payment of the required filing fee.[1]

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the

---

[1] On January 27, 2011, this Court dismissed the instant action on the ground that plaintiff had achieved three-strikes status under 28 U.S.C. § 1915(g) [Doc. #8]. On appeal, the United States Court of Appeals for the Eighth Circuit reversed and remanded, holding that one of the three cases could not be counted as a strike, because although some claims were dismissed for failure to state a claim, others were dismissed for improper venue. See Taylor v. Huffman, No. 11-1648, slip op. at 3 (8th Cir., May 18, 2011). The Eighth Circuit mandate issued on June 9, 2011 [Doc. #22].

Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $15.17 and an average monthly balance of $.15. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.03, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950-52.

**The Complaint**

Plaintiff, a Missouri prisoner, seeks monetary relief in this action brought pursuant to 42 U.S.C. § 1983 for constitutional violations he suffered while incarcerated at the Potosi Correctional Center ("PCC") and the Southeast Correctional Center ("SECC"). Plaintiff names fifty PCC and SECC employees as defendants, to wit: Paula Huffman Phillips, Alex Clinton, Christy Clinton, Jennifer Brown, Jennifer Alexander, Chuck Dwyer, Johnny William, Jim Preston, Steven Buhs, Omer Clark, David Gaines, Dawn Horn, Sandria Hutcheson, Tina Whitson, John Roach, John Hoskins, Michael McGill, Linda Manes, Bill Harris, Dan Smith, Jason Lewis, Jimmie Bell, Unknown Hillie, Unknown Kaiser, Unknown Dorris, Unknown Reed, Unknown Hack, Larry Garris, Sharon Gifford, Brian Allen, Jeffrey Turner, Unknown Coffman, Unknown Rayfield, Unknown Tammi, Unknown Bailey, Jackie Laird, Ian Wallace, Unknown Salvage, Unknown Miller, Unknown Arcand, Unknown Milam, Unknown Horn, Unknown Francis, Unknown Conrad, Unknown Coltan, Cindy Griffith, Unknown Demello, Unknown Wilheight, Unknown McKinney, and Unknown Nixon.

The complaint consists of numerous claims arising out of a multitude of separate occurrences that allegedly occurred while plaintiff was incarcerated at PCC and SECC. For instance, plaintiff

claims that defendants Brown and Alexander opened his legal mail, while defendants Dwyer, William, Preston, Phillips, Buhs, Clark, Gaines, and Horn denied him winter clothing, defendant Roach confiscated his radio in retaliation for plaintiff's filing of a lawsuit and grievances, and defendants Alex Clinton, Christy Clinton, Bell, and Hillie delayed obtaining medical attention for plaintiff after he complained of chest pains.

## Discussion

**1. Permissive Joinder**

Rule 18(a) of the Federal Rules of Civil Procedure states, "A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." As such, multiple claims against a single party are valid. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

The instant action, however, presents a case involving multiple claims against multiple defendants. Federal Rule of Civil Procedure 20(a)(2) is controlling and provides: "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Thus, "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d at 607. Moreover, the Court notes that in litigation involving prisoners, "Unrelated claims against different defendants belong in different suits, . . . [in part] to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." Id.

At issue in this case is whether the fifty named defendants are properly joined in this single action. See id. (district court should question joinder of defendants and claims in prisoner cases). The Court holds that they are not.

Simply stated, the instant action presents a case involving multiple claims against different defendants, and the facts giving rise to the claims allegedly occurred at two different correctional institutions over a six-year period of time. Not only do plaintiff's claims pertain to and arise out of wholly unrelated events, but his alleged injuries resulting from the various occurrences are distinctly different. These occurrences and the claims arising out of each of them do not share common questions of law or fact. Plaintiff's claims will require their own review of entirely separate events asserted against different defendants or groups of defendants. For these reasons, the Court concludes that the fifty named defendants are not properly joined under Rule 20(a)(2).

Rule 21 of the Federal Rules of Civil Procedure provides:

> Misjoinder of parties is not a ground for dismissing an action. On motion, or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Because the complaint first addresses plaintiff's claim that defendants Jennifer Brown and Jennifer Alexander opened his legal mail outside of his presence, the Court will only consider this and any other claims that plaintiff is asserting against defendants Brown and Alexander. The Court will sever all of plaintiff's remaining claims against the other forty-eight defendants and will dismiss them without prejudice. If plaintiff wishes to pursue any or all of these claims at a future time, he must do so in accordance with the Federal Rules of Civil Procedure, in separate actions.

**2. Claims against defendants Brown and Alexander**

Plaintiff asserts three claims against Jennifer Brown and Jennifer Alexander. First, he alleges that these two defendants opened his clearly-marked legal mail outside of his presence on numerous

occasions. This claim survives review under § 1915(e)(2)(B) and should not be dismissed at this time. Therefore, the Court will order that defendants Jennifer Brown and Jennifer Alexander reply to this claim.

Second, plaintiff alleges that on September 12, 2005, and November 23, 2005, defendants Brown and Alexander "denied [him] non-violent publication[s] sent directly from 'Trumpet Publishing Company' without legitimate peneological justification." The State of Missouri's five-year statute of limitations for general personal injury claims is applicable to the limitations period for § 1983 claims. See Owens v. Okure, 488 U.S. 235, 249-50 (1989); Lohman v. Kempker, 34 Fed. Appx. 514, 2002 WL 992330 (8th Cir. 2002) (applying Missouri five-year statute of limitations to a cause of action under § 1983). All of plaintiff's allegations relative to the denial of non-violent publications occurred prior to November 23, 2005. Plaintiff's complaint bears a signature date of December 20, 2010. As such, plaintiff's claim that Brown and Alexander denied him non-violent publications is barred by the five-year statute of limitations and will be dismissed as legally frivolous under § 1915(e)(2)(B). See Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992)(district court may properly dismiss in forma pauperis complaint when it is apparent the statute of limitations has run).

Third, plaintiff alleges that defendants Brown and Alexander "censored [a] letter from [an] outside female friend without legitimate peneological justification." This conclusory claim will also be dismissed pursuant to § 1915(e)(2)(B), because it lacks specific factual support, and therefore, does not rise to the level of a constitutional violation. Moreover, mere negligence does not rise to the level of a constitutional violation, Daniels v. Williams, 474 U.S. 327, 328 (1986), and generally, an isolated, single instance of opening incoming mail does not support a constitutional claim. Cf. Gardner v. Howard, 109 F.3d 427, 431 (8th Cir. 1997)(inadvertent opening of two pieces of

confidential legal mail does not rise to level of constitutional violation); Stevenson v. Koskey, 877 F.2d 1435, 1441 (9th Cir. 1989)(prison guard's opening of inmate's legal mail outside of inmate's presence was, at most, negligence, and did not reach the level of intent necessary for constitutional violation).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $3.03 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, as to plaintiff's claim that defendants Jennifer Brown and Jennifer Alexander opened his legal mail outside of his presence, the Clerk of Court shall issue process or cause process to be issued on the complaint.

**IT IS FURTHER ORDERED** that, as to plaintiff's claims that defendants Jennifer Brown and Jennifer Alexander denied him non-violent publications and censored an incoming letter, the Clerk shall not issue process or cause process to issue, because the allegations are legally frivolous and fail to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's claims against defendants Paula Huffman Phillips, Alex Clinton, Christy Clinton, Chuck Dwyer, Johnny William, Jim Preston, Steven Buhs, Omer Clark, David Gaines, Dawn Horn, Sandria Hutcheson, Tina Whitson, John Roach, John Hoskins, Michael McGill, Linda Manes, Bill Harris, Dan Smith, Jason Lewis, Jimmie Bell,

Unknown Hillie, Unknown Kaiser, Unknown Dorris, Unknown Reed, Unknown Hack, Larry Garris, Sharon Gifford, Brian Allen, Jeffrey Turner, Unknown Coffman, Unknown Rayfield, Unknown Tammi, Unknown Bailey, Jackie Laird, Ian Wallace, Unknown Salvage, Unknown Miller, Unknown Arcand, Unknown Milam, Unknown Horn, Unknown Francis, Unknown Conrad, Unknown Coltan, Cindy Griffith, Unknown Demello, Unknown Wilheight, Unknown McKinney, and Unknown Nixon are **SEVERED** from the instant action and will be dismissed without prejudice, because said defendants are not properly joined in this action under Rule 20(a)(2) of the Federal Rules of Civil Procedure.

A separate Order of Partial Claim and Party Dismissal will accompany this Memorandum and Order.

Dated this  28th   day of June,  2011.

                                                                                 UNITED STATES DISTRICT JUDGE