# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL TAYLOR, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 1:11-CV-6 SNLJ |
| PAULA PHILLIPS, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's July 12, 2011 Motion to Alter, Amend, or Set Aside Judgment Under Rule 59(e) (#26), in which plaintiff seeks to alter, amend, or set aside the Court's June 28, 2011 Order dismissing 48 defendants (#24). No response has been filed.

Plaintiff's complaint consisted of numerous claims arising out of a multitude of separate occurrences that allegedly occurred while plaintiff was incarcerated at Potosi Correctional Center ("PCC") and Southeast Correctional Center ("SECC"). For instance, plaintiff claims that defendants Brown and Alexander opened his legal mail, while defendants Dwyer, William, Preston, Phillips, Buhs, Clark, Gaines, and Horn denied him winter clothing, defendant Roach confiscated his radio in retaliation for plaintiff's filing of a lawsuit and grievances, and defendants Alex Clinton, Christy Clinton, Bell, and Hillie delayed obtaining medical attention for plaintiff after he complained of chest pains. Plaintiff also named numerous unknown defendants. As discussed in the Court's memorandum (#23), at issue was whether the fifty named defendants were properly joined in this single action. The Court held that they were not, and the Court

dismissed all defendants except those that were related to plaintiff's first complain addressed in his complaint — his claim that defendants Jennifer Brown and Jennifer Alexander opened his legal mail outside his presence (and any other claims against them). The remaining 48 defendants were dismissed without prejudice. The Court also dismissed plaintiff's time-barred publication censorship claim and another censorship claimed that lacked factual support.

Plaintiff now asserts that the Court misapplied Federal Rule of Civil Procedure 21, which provides: "Misjoinder of parties is not a ground for dismissing an action. On motion, or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Plaintiff further asserts that the claims made in his complaint did arise out of the same transaction, namely the filing of a lawsuit against certain SECC employees. Plaintiff states that the SECC employees then began retaliating against him in the various ways described in his complaint. Having carefully reviewed plaintiff's arguments, however, the Court finds that plaintiff's claim that these many separate instances occurring at different institution and over a period of six years arose from one transaction or occurrence is wholly without merit. As court stated, not only do plaintiff's claims pertain to and arise out of wholly unrelated events, but his alleged injuries resulting from the various occurrences are distinctly different. These occurrences and the claims arising out of each of them do not share common questions of law or fact. Plaintiff's myriad claims would require their own review of entirely separate events asserted against different defendants or groups of defendants. Thus, the Court's holding and its dimissal — without prejudice — of 48 defendants will stand.

Plaintiff also contends that the Court erred in dismissing his censorship claim against defendants Brown and Alexander as time barred because, he says, the six-month grievance procedure he endured on that issue should have tolled the five-year statute of limitation. The

alleged censorship occurred on September 12, 2005 and November 23, 2005. Plaintiff signed his complaint over five years later, on December 20, 2010 (the complaint was not filed until January 11, 2011). Plaintiff's motion states (without providing any details in either the motion or the complaint) that "The court did not take into consideration the six (6) months the grievance procedure took prior to bringing complaint in federal court." To the extent plaintif contends that principles of equitable tolling require that the § 1983 statute of limitations be tolled while an inmate exhausts his administrative remedies, the Eighth Circuit has held that it is not. *Lown v. Brimeyer*, 956 F.2d 780, 782 (8th Cir. 1992) ("Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands.") (quoting *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir.1990).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's July 12, 2011 Motion to Alter, Amend, or Set Aside Judgment Under Rule 59(e) (#26) is **DENIED**.

Dated this   30th   day of August, 2011.

UNITED STATES DISTRICT JUDGE