# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:11-CV-6 SNLJ |
| ) | |
| PAULA PHILLIPS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

This matter is before the Court on the defendant Jennifer Brown's Motion to Dismiss, or, Alternatively, for Summary Judgment, filed August 26, 2011 (#32). No response has been filed, and the time for doing so has passed.

Plaintiff brings this 42 U.S.C. § 1983 action against defendants Jennifer Brown and Jennifer Alexander, alleging that Brown, a mailroom supervisor at Southeast Correctional Center ("SECC"), and Alexander, a former mailroom employee at SECC, opened, read, and copied his legal mail outside of his presence in violation of his First and Fourteenth Amendment rights. Defendant Alexander no longer works at SECC, and plaintiff has been unable to serve her with process despite two attempts; thus, this Motion has been filed by defendant Brown alone. Defendant Brown contends that plaintiff's complaint should be dismissed because (1) plaintiff failed to exhaust his administrative remedies, (2) the complaint is barred by the statute of limitations, (3) defendant Brown is entitled to qualified immunity, and (4) the complaint is barred by the Eleventh Amendment. As a result, Brown states that the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief

can be granted or, alternatively, for summary judgment under 42 U.S.C. § 1997(a) for failure to meet the exhaustion requirement.

I. **Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). "To survive a motion to dismiss, a claim must be facially plausible, meaning that the 'factual content . . . allows the court to draw the reasonable inference that the respondent is liable for the misconduct alleged.'" *Cole v. Homier Dist. Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)). The Court must "accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Id.* (quoting *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005)).

II. **Discussion**

First, a public servant may be sued in his or her official capacity, individual capacity, or both. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 534 (8th Cir. 1999). In order to sue a public official in her or her individual capacity, the plaintiff must "expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity." *Id.* A suit against a government official in his or her official capacity is a suit against the federal government. *Burford v. Runyon*, 160 F.3d 1199, 1203 (8th Cir. 1998). A "*Bivens*-type action cannot be prosecuted against the United States government." *Phelps v. U.S. Fed. Gov.*, 15 F.3d 735, 739 (8th Cir. 1994). Typically, this Court will dismiss *Bivens* claims

against defendants in their official capacity, but because only official capacity claims have been brought against defendants here, doing so would end plaintiff's lawsuit. Although the Court might otherwise consider permitting plaintiff time to amend his complaint, as discussed below, any such amendment would be fruitless under these circumstances.

Plaintiff's complaint ultimately fails because he failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a).[1] In support of this argument, defendant has provided the Court with copies of plaintiff's grievances, which are outside the pleadings. As a result, the Court must treat defendant's motion as a motion for summary judgment. Pursuant to Federal Rule of Civil Procedure 12(d), the "parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Here, plaintiff has been afforded three months in which to respond to the defendant's motion, which clearly states that it is a motion for summary judgment, and which clearly sets out the basis for the motion. Yet plaintiff has not responded in any way.

The Prison Litigation Reform Act of 1996 ("PLRA") "requires immediate dismissal of all claims brought by inmates with respect to prison conditions . . . under 42 U.S.C. § 1983...until 'such administrative remedies as are available are exhausted." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (citing 42 U.S.C. § 1997e(a)). The Missouri Department of Corrections ("MDOC") has developed an administrative grievance procedure for inmates to internally grieve complaints against MDOC and its staff; the procedure requires that the inmate file an informal resolution request ("IRR"), an inmate grievance, and, finally, an inmate grievance appeal. *See Foulk v. Charrier*, 262 F.3d 687, 694 (8th Cir. 2001); *Dashley v. Corr. Med. Serv.*, 345 F. Supp.

---

[1] Defendants appear to have mistakenly invoked 42 U.S.C. § 1997(a), which does not exist in the Code.

2d 1018, 1022-23 (E.D. Mo. 2004). Not only is the inmate required to exhaust the administrative remedies available to him under PLRA, but he is required to properly exhaust those administrative remedies. *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).

Plaintiff alleges that defendant Brown opened, read, and copied his legal mail outside his presence between 2003 and 2007. Plaintiff provides no further details. However, between 2003 and 2007, plaintiff filed only two IRRs at SECC relating to this allegation: SECC 03-1170 and SECC 04-42. Those IRRs related to privileged mail being opened outside plaintiff's presence on July 10, 2003, July 17, 2003, August 10, 2003, and January 12, 2004, and defendant concedes that he exhausted his administrative remedies with respect to those complaints. Notably, plaintiff did not list defendant Brown or Jennifer Alexander by name in either grievance; however, defendant Brown was directed by Corrections Classification Assistant David Gaines to provide a written response to both IRRs, as she was the mailroom supervisor at that time.

As for any claim that plaintiff's legal mail was opened outside his presence on dates other than July 10, 2003, July 17, 2003, August 10, 2003, and January 12, 2004, defendant submits that those claims must be dismissed because he did not file any IRR — let alone complete the administrative remedy process that was available to him as required by the PLRA. *See Santiago v. Blair*, No. 4:09CV933, 2010 WL 2761897, at *2 (E.D. Mo. July 13, 2010) ("The Eighth Circuit has clarified that the PLRA requires inmates to: (1) fully and properly exhaust their administrative remedies as to each claim mentioned in the complaint; and (2) complete the exhaustion process prior to filing an action in federal court.").

Furthermore, defendant contends that, with respect to the complaints that plaintiff did administratively exhaust, those claims are barred by the statute of limitations. Section 1983 claims filed in Missouri are governed by the five-year statute of limitations for personal injury

actions, as set forth in § 516.120(4) RSMo. *Sulik v. Taney Co., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). In order to satisfy that statute of limitations, plaintiff would have had to have filed his lawsuit by January 12, 2009. Plaintiff filed this suit on December 20, 2010, nearly two years after the deadline.

Because plaintiff did not file this lawsuit until well-after the statute of limitations had expired on his properly exhausted claims — and because plaintiff has set forth no facts which would toll his claim — this Court must dismiss plaintiff's complaint. The Court will grant summary judgment to defendant Brown as to the July 10, 2003, July 17, 2003, August 10, 2003, and January 12, 2004 incidents for which plaintiff filed IRRs and exhausted his administrative remedies. The Court will dismiss, without prejudice, plaintiff's complaint to the extent he has claims related to the opening, reading, and copying of his legal mail outside of his presence on other occasions, that is, claims for which he has not exhausted his administrative remedies.

Dated this __8th__ day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE